[Civ. No. 61383. Second Dist., Div. Two. Mar. 17, 1981.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES, Respondent;
JAN FREEBERG, Real Party in Interest.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Burns & Simmons and Goodwin Burns for Real Party in Interest.

OPINION

ROTH, P. J.—Proceeding in mandate to require the superior court to vacate an order suppressing evidence. Peremptory writ issued.

FACTS

Defendant and real party in interest Jan Freeberg was charged with having committed the felony of having sold marijuana in violation of

Health and Safety Code section 11360, subdivision (a). The offense was committed in the City of Pasadena, the investigating and arresting officers were police officers of the City of Glendale.

In 1978, the Chiefs of Police of the Cities of Pasadena and Glendale exchanged letters giving consent, pursuant to Penal Code section 830.1, subdivision (a)(2) as the subsection is now designated, that the officers of their respective neighbor should have authority to act as peace officers within the city giving consent. These blanket letters of exchange were still in effect on April 9, 1980, when Mr. Freeberg was arrested.

Officer Pierce was an undercover police officer assigned to narcotics investigations in the Glendale Police Department. On the basis of information received from an informant he went to a house at 79-½ Daisy Street in Pasadena and, posing as a buyer, personally bought a quarter of an ounce of marijuana from Mr. Freeberg for $50. Officer Pierce then signaled officers waiting outside, who announced themselves, entered the house, arrested Mr. Freeberg and obtained his consent to search the house where they found more marijuana. Mr. Freeberg was then transported back to the City of Glendale.

On motion to suppress all of the evidence, the superior court refused to suppress the evidence of the purchase since anyone, police officer or otherwise, could testify to that fact. The court did, however, grant the motion to suppress as to all evidence seized without warrant following the arrest holding, in effect, that there could be no blanket consent under Penal Code section 830.1, subdivision (a)(2) but rather there must be a separate, express consent for each specific investigation or arrest.

The district attorney's representative disagreed with that ruling and this petition followed.

## Discussion

The statute reads, in part, as follows: "The authority of any such peace officer extends to any place in the state:

".      .      .      .      .      .      .      .      .      .      .      .      .      .

"(2) Where he has the prior consent of the chief of police, or person authorized by him to give such consent, if the place is within a city or

of the sheriff, or person authorized by him to give such consent, if the place is within a county;"

The statute is perfectly clear on its face. There is no requirement for separate consent for each individual investigation or arrest, and no requirement that such consent immediately precede the particular investigation or arrest. Indeed, it has been held there is no requirement that the consent of the sheriff or chief of police be in writing or evidenced in any particular manner. *People* v. *Blake* (1971) 21 Cal.App. 3d 211, 217 [98 Cal.Rptr. 409].

There is no ambiguity or uncertainty about the statute and no reasonable doubt concerning· its meaning can be entertained. The superior court erred when it chose to interpolate the word "immediately" before the word "prior," and when it held that each investigation or arrest must expressly and specifically be authorized in each separate instance. There is no such requirement in the statute, and such an interpretation is contrary to the terms of Code of Civil Procedure section 1858.

Counsel for real party in interest argues that unless each police department is aware of operations in its city by officers of another city great danger and harm may result. This is true, but the matter is one for interdepartmental communication and not one to be cured by a forced and incorrect statutory interpretation.

We hold that blanket consents are valid, that they may be open-ended, and that they need not be renewed for each separate case, investigation and/or arrest.

## DISPOSITION

Let a peremptory writ of mandate issue requiring respondent court to vacate the order of December 22, 1980, granting the motion of the real party in interest to suppress evidence, and enter a new and different order denying said motion.

Compton, J., and Beach, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied May 13, 1981. Bird, C. J., was of the opinion that the petition should be granted.